IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| AARON K.F. WON, | ) | Civ. No. 06-00072 HG-KSC |
| | ) | |
| Petitioner, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO DISMISS |
| vs. | ) | AMENDED PETITION |
| | ) | |
| FRANK LOPEZ, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO DISMISS AMENDED PETITION

On February 7, 2006, *pro se* Petitioner Aaron K.F. Won ("Petitioner"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court ordered Petitioner to amend his petition to name a proper respondent, and on February 17, 2006, Petitioner filed his Amended Petition.

Respondents filed a Motion to Dismiss Amended Petition for Want of Exhaustion on May 16, 2006 ("Respondents' Motion). On May 24, 2006, Petitioner filed a Reply to Respondents' Motion, requesting that the Court stay the Amended Petition and deny any enlargement of time to file an answer.

After considering the Amended Petition, Respondents' Motion and exhibits, and Petitioner's Reply, this Court finds and recommends that the Amended Petition be dismissed without prejudice for failure to exhaust state judicial remedies,

pursuant to 28 U.S.C. § 2254(b)(1)(A) and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

## BACKGROUND

On August 9, 2004, Petitioner was indicted for: (1) attempted sexual assault in the first degree (Count One); (2) attempted sexual assault in the second degree (Count Two); (3) kidnapping (Count Three); and (4) attempted extortion in the second degree (Count Four). (Resp.'s Mot. Ex. A.) On December 17, 2004, a jury of the Circuit Court of the Second Circuit for the State of Hawaii ("Circuit Court") found Petitioner guilty on all four counts. (*Id.* Ex. E.)

On January 12, 2005, the Circuit Court received and filed a letter, dated January 4, 2005, from a juror from Petitioner's trial detailing her concerns to the Circuit Court regarding the deliberation process and juror confusion over the charges. (*Id.* Ex. G.)

On January 14, 2005, Petitioner filed a Motion to Determine Merger and Related Issues, requesting that Counts One and Two be merged because there was only one single course of criminal conduct pursuant to Hawaii Revised Statutes §701-109. (*Id.* Ex. H.) On March 22, 2005, a hearing was held on Petitioner's Motion. Pursuant to an agreement reached at the hearing, Petitioner withdrew his Motion to Determine Merger and waived his right to appeal any issues arising from

the date of the hearing to March 25, 2005.  (*Id.* Ex. N.)

On October 4, 2005, the Circuit Court granted the prosecution's motion to dismiss Counts One and Two with prejudice.  (*Id.* Ex. O.)  On June 2, 2005, the Circuit Court sentenced Petitioner to one year incarceration as to Count Three, and five years incarceration as to Count Four, to run concurrently.   (*Id.* Exs. P & Q.)

Petitioner did not appeal the Circuit Court's judgment and sentence, nor did he file any post conviction proceeding.  On December 29, 2005, however, Petitioner submitted a letter to the Hawaii Supreme Court entitled "Motion to Dismiss Conviction," requesting that his sentence be vacated.  In this letter, Petitioner alleged:

> (1) That the victim accused Petitioner to avoid being deported as an illegal immigrant;
>
> (2) Negative attention from the media and the police chief;
>
> (3) Improper jury instructions;
>
> (4) Juror misconduct;
>
> (5) Agreement to withdraw Merger Motion was because Petitioner lacked money for another trial and physical and emotional exhaustion;
>
> (6) Petitioner had no knowledge that he was giving up his right to appeal; and
>
> (7) Trial court bias.

3

(*Id.* Ex. S.)

On December 29, 2005, the Hawaii Supreme Court construed and filed the letter as an original proceeding, and denied Petitioner's request for relief, stating "the request for relief is denied without prejudice to Won seeking any post conviction relief pursuant to HRPP Rule 40." (*Id.* Exs. T & U.)

On January 6, 2006, Petitioner filed a document titled "Motion for Clarification Requesting a Written Opinion." (*Id.* Ex. V.) On January 12, 2006, Petitioner filed a document titled "Motion for Reconsideration," which restated allegations (1) - (4) of his letter as grounds for reconsideration. (*Id.* Ex. W.) On January 23, 2006, the Hawaii Supreme Court denied Petitioner's Motions for Clarification and for Reconsideration. (*Id.* Ex. X. &Y.)  In denying Petitioner's Motion for Reconsideration, the Hawaii Supreme Court again expressly stated that the Motion was denied "without prejudice to Petitioner's seeking any post conviction relief to HRPP Rule 40[,]" and ordered that the "clerk of the supreme court shall transmit a copy of HRPP Rule 40 and the petition for post-conviction relief form to petitioner." (*Id.* Ex. Y.)

On January 25, 2006, Petitioner filed a document with the Hawaii Supreme Court, titled "Motion for New Trial Based on Newly Discovered Evidence" based on the January 2005, letter from the juror. (*Id.* Ex. Z.) The Hawaii Supreme Court

4

dismissed Petitioner's motion for new trial the same day it was filed, again "without prejudice to Petitioner raising any issues, if appropriate, in a post conviction proceeding pursuant to HRPP Rule 40." (*Id.* Ex. AA.)

Petitioner raises the same four grounds for relief in the instant Petition as he attempted to raise in his "Motion for Reconsideration," before the Hawaii Supreme Court.

## DISCUSSION

Under 28 U.S.C. § 2254(b)(1), a petition for a writ of habeas corpus shall not be granted unless it appears that the applicant has exhausted all available state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective. *See also Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Calderon v. United States Dist. Court for the Eastern District of California (Gordon)*, 107 F.3d 756, 760 (9th Cir. 1997). The petitioner must exhaust available state remedies as to every claim raised in the habeas petition. *Gordon*, 107 F.3d at 760 (citing *Coleman v. Thompson*, 501 U.S. 722 (1991)).

Although a petitioner need not exhaust all possible methods of state relief, exhaustion requires him to "fairly present" each issue in the federal petition to the highest court of the state. *Baldwin v. Reese*, 541 U.S. 27, 27-28 (2004). A

petitioner must alert the state courts to the fact that he is asserting a federal claim in order to fairly present the legal basis of the claim. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *as modified by* 247 F.3d 904 (9th Cir. 2001). A petitioner must also make the federal basis of his or her claims explicit either by referencing specific provisions of the federal constitution or statutes, or citing to federal case law. *See Lyons*, 232 F.3d at 668, 670.

Here, Petitioner failed to directly appeal his conviction within 30 days of the entry of judgment. Haw. R. App. P. 4(b)(1). Petitioner also failed to timely file a motion for a new trial within ten days of the verdict, required by Rule 33 of the Hawaii Rules of Penal Procedure ("Haw. R. Penal P."). Nor has he filed a Rule 40 petition for post-conviction relief. *See* Haw. R. Penal P. 40.

Nonetheless, Petitioner argues that he has exhausted his judicial remedies because he presented all of the issues herein to the Hawaii Supreme Court, albeit by letter or in improperly styled motions and requests. He is incorrect. He has, in fact, failed to properly raise any of his claims, either on direct review of his conviction or in any post-conviction proceeding, to any state court. In denying his procedurally defective "appeals," the Hawaii Supreme Court informed him of his right to file a Rule 40 post-conviction petition no less than three times. (*See*

Resps.' Mot. Exs. U, Y, & AA.)  Moreover, even if Petitioner had properly raised his claims at the state court, the record reveals that at no time did Petitioner alert the Hawaii Supreme Court to the federal bases of his claims.

Although Petitioner is now time-barred from directly appealing his conviction, or moving for a new trial pursuant Haw. R. Penal P. 33, other state remedies are available to Petitioner.  As the Hawaii Supreme Court suggested several times, and indeed, sent him the necessary forms and rules, Petitioner may still file a petition to vacate, set aside, or correct judgment pursuant to Haw. R. Penal. P. 40.  This Court finds that Petitioner has clearly failed to exhaust the issues raised in the Amended Petition.

Petitioner urges the Court to stay his unexhausted petition, rather than dismiss it outright.  That is not an option in his case.  While a district court has discretion to stay a *mixed* habeas petition, that is, a petition containing both exhausted and unexhausted claims, *see Rhines v. Weber*, 544 U.S. 269, 278 (2005), when, as here, a petition is completely unexhausted, the court is required to dismiss the petition.[1]  *See Rose*, 455 U.S. 510 (if available State remedies have not been

---

[1] Moreover, stays of mixed petitions, are only available in limited situations, when the court determines that the petitioner had good cause for his failure to exhaust, his claims are not plainly meritless, and he has not engaged in "abusive litigation tactics or intentional delay." *Rhines*, 544 U.S. at 278.  As Petitioner was notified several times of his ability to file a Rule 40 petition, and chose to disregard the Hawaii

exhausted as to all claims, the district court must dismiss the petition); *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). A dismissal solely for failure to exhaust is not a bar to returning to federal court after exhausting available State remedies. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995). 360 (9th Cir. 1994); Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Since Petitioner has not raised and fully exhausted any of the four grounds for relief he raises in the Amended Petition, the Court cannot grant Petitioner's request to stay the Amended Petition. The Court finds and recommends that the Amended Petition be dismissed without prejudice for failure to exhaust.

---

Supreme Court's instructions, this Court would be constrained to find "good cause" justifying his failure to exhaust, even if his petition were "mixed" which it is not.

# CONCLUSION

Accordingly, this Court FINDS that the Amended Petition is wholly unexhausted and RECOMMENDS that it be DISMISSED without prejudice.

IT IS SO FOUND AND RECOMMENDED.

Dated: Honolulu, Hawaii, June 30, 2006.



_____
Kevin S.C. Chang
United States Magistrate Judge

AARON K.F. WON  v. FRANK LOPEZ, DIRECTOR OF PUBLIC SAFETY, AND THE ATTORNEY GENERAL OF THE STATE OF HAWAII, CIV. NO. 06-00072 HG-KSC; FINDINGS AND RECOMMENDATION TO DISMISS AMENDED PETITION/ dmp/ habeas 06/ Won 06-72 (dsm exh).